IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| KELLI ANDREWS, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 18-cv-1100 |
| SANGAMON COUNTY, ILLINOIS, et al., | ) ) ) ) |
| Defendants. | ) |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on July 11, 2018 with Attorneys Stephen Weil, Nicole Schult, and Alisha Sheehan.   TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1.Initial disclosures under Rule 26 to be made by August 15, 2018.

2.No motions to join other parties or to amend the pleadings to be filed after February 15, 2019.

3.Plaintiff is to identify testifying experts and to provide Rule 26 expert reports by May 15, 2019. All Defendants are to identify testifying

experts and to provide Rule 26 expert reports by September 9, 2019. Rebuttal experts to be identified by November 4, 2019.

4. The parties have until April 1, 2019, to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until December 2, 2019 to complete expert discovery. All depositions for discovery or use at trial shall be completed no later than the close of expert discovery.

5. Telephonic status hearing to discuss the setting of settlement conference or mediation scheduled Thursday, December 5, 2019, at 10:00 a.m. before U.S. Magistrate Judge Schanzle-Haskins (Court will place call.)

6. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery

motion that is filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

7. The parties have until February 3, 2020 to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

8. Final pre-trial conference is scheduled for June 1, 2020, at 2:00 p.m. before U.S. District Judge Sue E. Myerscough. All motions in limine to be filed on or before fifteen (15) days prior to final pretrial conference. (See Local Rule 16.1 - Pre-Trial Procedures.)

9. Jury trial is scheduled for June 16, 2020 at 9:00 a.m. on the trial calendar of U.S. District Judge Sue E. Myerscough.

10. Mediation will be hosted by U.S. Magistrate Judge Tom Schanzle-Haskins at the joint request of the parties. Attached is his

memorandum concerning mediation.

11. If the parties consent to trial before U.S. Magistrate Judge Schanzle-Haskins, the final pre-trial date and trial date may be changed to a firm earlier trial date as Judge Schanzle-Haskins has no trailing civil trial calendar and no responsibility for criminal felony trials.

12. Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made available to attorneys and *pro se* litigants in the four active District Judges' courtrooms.

13. Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

14. The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information. If the parties cannot agree upon a process / procedure for the discovery of electronically stored information, a status report with proposals for the discovery of electronically stored information shall be filed with the Court by February 15, 2019. For the Court to order a search, the requesting party

will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.   When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information.

15. The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer conference:

    a. "deleted", "slack", "fragmented", or "unallocated" data on hard drives;

    b. random access memory (RAM) or other ephemeral data;

    c. on-line access data such as temporary internet files, history, cache, cookies, etc;

  d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

  e. backup data that is substantially duplicative of data that is more accessible elsewhere; and,

  f. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

  16. The production of privileged or work-product protected documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 502(d). Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

  17. The parties are bound by the *Electronically Stored Information* Section of their Report of Rule 26(f) Planning Meeting (d/e 11) as if fully set forth herein.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE OTHER ABOVE DATES.

ENTERED: July 11, 2018

_____*s/ Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE