FOR MEDIATIONS HELD BEFORE
U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

**REVISED 4/26/2018**

    Judge Schanzle-Haskins uses a mediation format, and private caucusing with each party.   He normally does not require or allow any type of opening statement or presentation to be given on behalf of each party.   He may address your client directly during the mediation. Parties with ultimate settlement authority must be personally present, or with leave of Court may be immediately available by telephone.   Whenever an insurance company or carrier is a party or is defending a party, a representative of the insurance carrier with settlement authority must be present.

    In all mediations, counsel and *pro se* parties must submit detailed mediation statements ten (10) days prior to the mediation date. Mediation statements will be treated confidentially and should not be filed with the U.S. District Court and must <u>not</u> be submitted to the other parties or other counsel of record.   The Judge, in his role as mediator, may have *ex parte* contact with counsel prior to the mediation.

    Each mediation statement should candidly assess the strengths and weaknesses of both sides of the case, including the issues of liability.   Each side should specify the evidence that supports their theory or defense of the case.   Plaintiff's counsel shall also itemize all damages claimed and the prospect for recovery on each item of damages claimed.   Counsel should attach to their statements any documents that might enhance the productivity of the negotiations.   The parties should also provide the Court with any controlling legal precedent that supports their theory or defense of the case.

    The parties are expected to have engaged in good faith settlement discussions <u>before</u> requesting a mediation. The mediation statement must describe negotiations detailing demands, offers, and any counter-offers that have been made and rejected. The mediation statement should also describe any offers that are currently open, and should identify any particular circumstances which may have impeded settlement efforts. The mediation statement should also state if there are any outstanding liens and whether the amounts of any liens have been verified and if they are negotiable.

    If a settlement is successfully mediated, the Judge suggests that the parties reduce to writing the essential elements of the settlement agreement to be signed by the parties and counsel at the mediation. The parties may then prepare the final settlement agreement.   It is suggested that the parties consider including a provision in the preliminary agreement of essential elements which gives the Judge the binding authority to settle any specific disputes regarding the language of the final settlement agreement to ensure that the settlement does not fail based upon differences in the language to be included in the final settlement agreement.

    When a settlement is successfully mediated, and the parties may request the District Court to retain jurisdiction to enforce compliance with the settlement contract pursuant to <u>Kokkonen v. Guardian Life Ins. Co of America</u>, 511 U.S. 375 (1994). If the parties wish the Judge to retain jurisdiction to enforce the settlement, the parties must formally consent to him pursuant to 28 U.S.C. 636(c) prior to a dismissal of the case to enable him to enforce the terms of the settlement agreement.