E-FILED
Friday, 31 August, 2018 01:35:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KELLI ANDREWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Law No. 18-cv-01100-SEM-TSH |
| SANGAMON COUNTY ILLINOIS, WES BARR, LARRY BECK and DOES 1-5, | ) ) ) ) |
| Defendants. | ) |

**AGREED PROTECTIVE ORDER**

The parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that includes any documents concerning or containing confidential financial information, trade secrets, proprietary, medical or mental health information related to any person not a party to this case, or other confidential information, specifically including at this time the floor plans of Sangamon County's jail.

3. **Exclusions.** Information or documents that are available to the public, including but not limited to information or documents that could have been obtained by means of a request

made pursuant to the Illinois Freedom of Information Act, 5 ILCS § 140 et seq., are not Confidential Information.

4. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. Documents so marked are sometimes referred to in this order as "Protected Documents."

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

5. **Depositions.** If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses confidential information, counsel for the deponent or the party with whom the deponent is affiliated, or counsel for any party to this action shall

inform the deposing counsel of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, director, shareholder, agent, employee, consultant, or representative of such party.

6. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information ("Qualified Persons"):

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Except to the extent otherwise permitted by this Order, counsel shall keep all materials or information designated as confidential and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone. Except to the extent otherwise permitted by this Order, each and every Qualified Person who has access to Confidential Information subject to this Protective Order shall take all due precautions to maintain the confidentiality of all such materials and shall prevent the unauthorized or inadvertent disclosure of the material. Counsel shall provide each Qualified Person a copy of this Protective Order.

(d) **Third Parties.**

(1) Before being given access to any Confidential Information, each Qualified Person shall be provided by counsel with a copy of this Protective Order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.

(2) Any copy of a Protected Document distributed to a Qualified Person shall be returned to counsel for the producing party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the producing party or the Court execute an affidavit stating that all such documents and copies of such documents have been returned as required.

7. **Inadvertent Failure to Designate.**

(a) The parties recognize that, during the course of this action, there may be produced Confidential Information originating with a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

(b) If at any time a party realizes that previously undesignated documents or other material should be designated as Confidential Information, the party may so designate by advising all other parties in writing specifically identifying the information and furnishing the correct designation. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the parties and

other Qualified Persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information prior to redesignation.

8. **Filing of Confidential Information.** Any party wishing to file any Confidential Information with the Court, including any portion of a court paper that discloses Confidential Information, shall file ~~the documents separately "under seal" or as otherwise directed by the Court~~ a motion for leave to file under seal pursuant to Local Rule 5.10 (LR 5.10, CDIL). ~~under applicable law, local rule, or convention. When filing a motion, the filing party will cite to the Court the grounds for filing the Confidential Information under seal~~. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden

of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

(c) **Objections.** Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. This Order does not constitute a waiver of Defendants' right to redact documents produced in this action, nor does it constitute a waiver of Plaintiff's right to challenge any such redaction or designation as confidential.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Copies**. Any Qualified Person having access to material or information designated as confidential under this Protective Order, to the extent copies, duplicates, extracts, summaries,

notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by the parties.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such non-party, such non-party may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order by notifying counsel for all parties in writing. Upon service of notice, such non-party may designate documents and information as Confidential Information in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential Information of a party to this action.

14. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including

copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, the parties' legal representatives and attorney's successors, the parties' executors, and persons made subject to this Order by its terms.

19. **Reservation of Rights.** The parties reserve the right to move the court for an order to set aside this protective order, in whole or in part, upon good cause shown.

*So Ordered.*

Dated: August 31, 2018

s/ Tom Schanzle-Haskins
UNITED STATES MAGISTRATE JUDGE

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

/s/ *Alexis G. Chardon* (w/consent)
Signature

Alexis G. Chardon
Printed Name

Counsel for: Kelli Andrews

Dated: August 30, 2018

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

/s/ *Theresa M. Powell*
Signature

Theresa M. Powell
Printed Name

Counsel for: Sangamon County, Wes Barr, and Larry Beck

Dated: August 30, 2018

/s/ *Elizabeth Mazur* (w/consent)
Signature

Elizabeth Mazur
Printed Name

Counsel for: Kelli Andrews

Dated: August 30, 2018

**EXHIBIT 1**
CERTIFICATION

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____ which are designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" are CONFIDENTIAL and to be used by me solely to assist in the matter of *Kelli Andrews v. Sangamon County, et al*, Law No. 18-cv-01100, which is currently pending in the Central District Court of Illinois. I further understand that the Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the Central District Court of Illinois for the purpose of its enforcement and the enforcement of my obligations under this Certification.

_____
Signature of Recipient

Dated: _____