**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KELLI ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-1100-SEM-TSH |
| v. | ) | |
| | ) | |
| SANGAMON COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
FROM SHERIFF OF SANGAMON COUNTY**

Pursuant to Federal Rule of Civil Procedure 37(a)(1),[1] Plaintiff, by her undersigned

counsel, moves the Court to compel defendant Sheriff of Sangamon County (Wes Barr in his

official capacity, referred to herein as the "Sheriff's Office" or "Sheriff") to produce unredacted

copies of various documents that the Sheriff's Office produced in redacted form.

In support of her motion, Plaintiff states as follows:

This is a Section 1983 and Americans with Disabilities Act ("ADA") case involving

Tiffany Rusher, a young woman who was detained at the Sangamon County Jail, which is run by

the Sheriff.  Plaintiff—Tiffany's mother—alleges that Tiffany was mentally ill, but that when

she entered the jail in December 2016, the Sheriff did not provide her with meaningful mental

healthcare.  Instead, pursuant to the Sheriff's policies and practices, Tiffany was placed in

solitary confinement and kept there until she strangled herself in March 2018.

---

[1]  ***Rule 37(a)(1) certification***.  Pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for Plaintiff certifies that counsel attempted to resolve this discovery dispute in good faith without the Court's intervention.  Counsel engaged in extensive correspondence with opposing counsel and held multiple phone calls as well.  Despite these efforts Plaintiff's counsel was unable to resolve this dispute and thus brings it before the Court.

This discovery dispute concerns redactions that the Sheriff's Office made to documents that it produced in response to Plaintiff's Rule 34 requests for production ("RFPs"). Plaintiff served RFPs on the Sheriff's Office asking it to produce, among other things, all records relating to Tiffany's detainment in the Jail. (*See* **Exhibit 1**.) The Sheriff's Office produced responsive documents—but it redacted the identities of all other detainees who also appeared on the documents alongside Tiffany. (*See, e.g.*, **Exhibit 2**.)

Plaintiff seeks unredacted copies of these documents. They are relevant to the claims at issue in this case because Plaintiff has alleged that it was the Sheriff's ***policy*** to place mentally ill detainees in solitary confinement and otherwise treat them inadequately. (*See, e.g.*, ECF 1 ¶¶ 41-45.) Proving that claim involves understanding how the defendants treated other detainees who were in circumstances similar to Tiffany's, and the detainees whose names were redacted all appear, like Tiffany, to have been placed in solitary confinement because they had mental health problems. What is more, these other detainees are likely to be the only witnesses to the Sheriff's policies—and his treatment of Tiffany—who are not on the Sheriff's payroll.

Since receiving the redacted documents Plaintiff has repeatedly asked the Sheriff's Office to explain its basis for the redactions. The Sheriff has given a variety of different justifications, which are outlined below. Each time Plaintiff has explained that a particular basis for redaction is invalid, the Sherriff's Office has come up with a new, hitherto-unidentified reason for the redaction.

At the end of the day, each of the different reasons the Sheriff has given are invalid. The simple fact, which Plaintiff has pointed out to the Sheriff's Office repeatedly, is that there is a HIPAA-compliant Confidentiality Order that is already in in place in this case (ECF 22), and that order guarantees that health information of third-party detainees will be protected throughout this

litigation.  Under the law, that is enough.  Plaintiff is entitled to unredacted versions of the documents she seeks.

*     *     *

The Sheriff's Office produced the documents at issue on August 21, 2018, so this Motion to Compel falls outside the Court's 60-day guideline.  Plaintiff submits, however, that the motion is not tardy.  Plaintiff worked diligently to enforce this discovery in email correspondence and telephone calls.  On October 5, counsel for Plaintiff and the Sheriff's Office reached an agreement that the Sheriff's Office would draft and file an agreed motion asking the Court to order the Sheriff's Office to produce the unredacted documents.  Plaintiff therefore believed the matter to have been resolved, ended enforcement efforts, and awaited the Sheriff's draft motion.

On October 25, however, the Sheriff's Office reneged on this agreement—it now does not agree to file the agreed motion for protective order, yet still refuses to produce the documents.  Plaintiff now brings this motion within a reasonable time after being informed of the Sheriff's change in position.  Plaintiff therefore respectfully submits that this motion is timely under the Court's 60-day guideline.

<strong><u>ARGUMENT</u></strong>

The Sheriff's Office has made a variety of shifting arguments opposing production of the unredacted documents.  Those arguments are each outlined below.  None of them has merit.

1.  **HIPAA** (Health Insurance Portability and Accountability Act of 1996)

The Sheriff's initial reason for redacting the documents was the protections of HIPAA.  HIPAA, which is enforced through enabling regulations, has two familiar requirements, which the Sheriff claims are the basis for the redactions:

- *Notification*.  Under 45 C.F.R. § 164.510, a covered entity must notify the individual whose health information is to be disclosed and give them an "opportunity to agree to or prohibit or restrict the use or disclosure"

3

- *Authorization*. Under 45 C.F.R. § 164.508, "a covered entity may not use or disclose protected health information without a[ valid] authorization" from the individual.

The Sheriff's position is that, because the other detainees have not been notified, and because they have not given a valid authorization to disclose, redaction of their names is required.

As Plaintiff has repeatedly pointed out to the Sheriff's Office, however, HIPAA's enabling regulations also contain an exception to HIPAA's notification and authorization requirements in the case of subpoenas or discovery that are governed by an appropriate protective order—like the one that governs this case. Specifically, 45 C.F.R. § 164.512 provides,

> A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section.

45 C.F.R. § 164.512. Among the "situations" covered by Section 512 is disclosure of protected health information "[i]n response to a subpoena, discovery request, or other lawful process" § 164.512(e)(1)(ii). In such a situation, the covered entity may disclose protected information if it receives assurance ***either*** that the person in question has "been given notice of the request," "***or***" that the requesting party has secured "a qualified protective order." §§ 164.512(e)(1)(ii)(A) and (B). In turn, a "qualified protective order" is one that:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. §§ 164.512(e)(1)(v)(A) and (B).

As Plaintiff has repeatedly pointed out to the Sheriff's Office, the Confidentiality Order governing discovery in this case (ECF 22) satisfies these criteria:

- the Confidentiality Order defines "Confidential Information" to include "medical or mental health information" (ECF 22 ¶ 2);

- the Confidentiality Order provides that Confidential Information "shall not be used or disclosed . . . for any purpose whatsoever other than this litigation" (ECF 22¶ 6(a)); and

- the Confidentiality Order requires destruction or return of Confidential Information upon conclusion of the litigation. (ECF 22 ¶¶ 15 (b) and (c).)

In short, the Confidentiality Order entered in this case is a "qualified protective order" under Section 164.512(e)(1)(v). And as such, Section 164.512 provides that HIPAA's notice and waiver requirements—the basis for the Sheriff's redactions—do not apply. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 936 n.4 (7th Cir. 2004) (explaining that "HIPPA does not require notice . . . where there is a protective order in place, 45 C.F.R. § 164.512(e)(1)(ii)(B).")

After Plaintiff explained all this to the Sheriff's Office, defense counsel objected that "we did not enter into the agreed protective order [*i.e.*, the Confidentiality Order, ECF 22] with the mindset of producing protected health information of third parties." That suggests that the Sheriff's Office is not interposing HIPAA objections in order to protect the interests of the other detainees, but rather is using HIPAA to as a defensive discovery tactic in this case. That, of course, is entirely inappropriate. Under HIPAA the Sheriff's redactions are invalid.

### 2. Illinois Mental Health and Disabilities Act

As a fallback, the Sheriff's Office claims that it is prohibited from disclosing the other detainees' names by a state law privilege, the Illinois Mental Health and Disabilities Act, 740 ILCS 110/1 *et seq*. ("IMHDA"). That is not a basis for redaction, either, however.

As Plaintiff explained to defense counsel, under Federal Rule of Evidence 501, state-law privileges, including the IMHDA, do not govern federal question cases in federal court. *See Ligas v. Maram*, No. 05-cv-4331, 2007 WL 2316940, at *6 (N.D. Ill. Aug. 10, 2007) ("The Court believes that the [IMHDA] does not apply to the present situation. Federal Rule of

Evidence 501 and *Northwestern [Memorial Hospital v. Ashcroft]* govern this situation, and *Northwestern* clearly states that, in a federal question suit such as this one, state privacy and privilege laws do not apply, regardless of whether the state law might be more restrictive than the applicable federal rule.")

After Plaintiff pointed out Rule 501's requirements to the Sheriff's Office, defense counsel shifted gears, claiming that "half of Plaintiff's claims are based on state law claims." But that does not matter. This is a federal question case. The parties in this case are not diverse; this case is in federal court based solely on federal question jurisdiction. As such, under Rule 501, federal rules—not state privileges—set the scope of permissible discovery. *See Estate of Belbachir v. Cty. of McHenry*, No. 06C01392, 2007 WL 2128341, at *5 (N.D. Ill. July 25, 2007) ("In cases based upon a federal cause of action, the federal common law governs issues of privilege, even where the complaint states pendant state law claims. Fed. R. Evid. 501."); *Johnson v. Dart*, 309 F. Supp. 3d 579, 580-81 (N.D. Ill. 2018) (same, collecting cases).

### 3. "Comity"

The Sheriff's Office also to latches on to a passage in *Northwestern* in which the court observed that under principles of comity, federal courts should "recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy," 362 F.3d at 932, but the Sheriff's Office has never explained how that would be accomplished here. And it could not. Plaintiff seeks the unredacted documents in part to prove up a *Monell* claim, which of course is federal claim requiring demonstration of a practice or policy. And Plaintiff seeks witnesses among the other detainees to prove her federal claims.

Thus this is a case where "[t]he enforcement of federal law" would be "hamstrung if state-law privileges more stringent than any federal privilege regarding medical records were

6

applicable to all federal cases." *Northwestern*, 362 F.3d at 925. Invoking comity requires a "compelling" showing of why a court should abandon federal substantive and procedural policy. *See Ligas*, 2007 WL 2316940, at *6. The Sheriff's citation to comity, which is made in a throw-every-objection-at-the-wall argument, never attempts to make such a demonstration. Nor could it, since Plaintiff seeks the unredacted documents in order to prove her federal claims.

### 4. Rule 34 "relevance"

In another late-breaking argument, the Sheriff's Office argues that Plaintiff is not entitled to unredacted versions of the documents because the identities of the other detainees not relevant to Plaintiff's claims. Instead, the Sheriff's Office contends, Plaintiff must specifically *request* information about other detainees in order to obtain it. This argument is doubly wrong: relevance redactions are broadly inappropriate under Rule 34, and the identities of the other detainees are relevant to Plaintiff's claims in any event.

As Plaintiff has explained to the Sheriff's Office, "courts view 'documents' as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of [Rule] 34." *Donaldson Co., Inc. v. Baldwin Filters, Inc.*, No. 2010 WL 11561226, at *4 (D. Minn. May 25, 2010). *Accord Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008) ("[t]here is no express or implied support" in the Federal Rules of Civil Procedure for a procedure allowing "a party [to] scrub responsive documents of nonresponsive information.").

Courts sometimes carve out exceptions to this rule; the Sheriff's Office cites *In re Takata Airbag Prods. Liab. Litig.*, 2016 WL 1460143 (S.D. Fla. Mar. 1, 2016), where the parties agreed that non-relevant information could be redacted, but disagreed as to the scope of such redactions.

In this case, however, the Sheriff's Office cannot claim to be protecting any legitimate interest. In enacting HIPAA and approving its enabling regulations, Congress already determined that the interests of the third-party detainees are sufficiently protected by "qualified protective orders" that satisfy specific, stringent criteria, and the Confidentiality Order in this case does that. And in passing Federal Rule of Evidence 501, Congress made the specific judgment that parties litigating federal claims in federal court should be governed by federal evidentiary protections, not different evidentiary protections established by the states.

That is more than enough. But additionally, as Plaintiff explained above, *the identities of the other detainees likely to lead to the discovery of evidence that is relevant to Plaintiff's claims*. Moreover, the Sheriff's Office can produce unredacted versions of the responsive documents with no effort; indeed the only effort at issue in this case is the work required to make the redactions in the first place. The Sheriff's Office has no legitimate basis for refusing to produce unredacted versions of the documents at issue. The Court should order their production.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court order the Sheriff's Office produce the documents requested herein.


Dated: November 5, 2018                  */s/ Stephen H. Weil*

                                         Stephen H. Weil – steve@weilchardon.com
                                         Alexis G. Chardon – ali@weilchardon.com
                                         Weil & Chardon LLC
                                         333 S. Wabash Ave., Suite 2700
                                         Chicago, IL 60604
                                         312-585-7404

                                         Alan Mills - alan@uplcchicago.org
                                         Elizabeth Mazur - liz@uplcchicago.org
                                         Nicole Schult - Nicole@uplcchicago.org
                                         Uptown People's Law Center

4413 North Sheridan Rd.
Chicago, Illinois 60640
Tel: (773) 769-1411
Fax: (773) 769-2224


*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.


/s/ Stephen H. Weil