IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KELLI ANDREWS, as Administrator of the Estate of TIFFANY ANN RUSHER, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Law No. 18-cv-01100-SEM-TSH ) |
| SANGAMON COUNTY ILLINOIS, WES BARR, LARRY BECK, JR. and DOES 1-5, | ) ) ) |
| Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO PERMIT FILING OF REPLY

NOW COME Defendants, WES BARR, LARRY BECK, and SANGAMON COUNTY, ILLINOIS, by and through their counsel, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Response to Plaintiff's Motion to Permit Filing of Reply Pursuant to Local Rule 7.1(B)(3), state as follows:

1. On November 26, 2018, Plaintiff filed a reply to Defendants' response to Plaintiff's Motion to Compel. *See* d/e no. 30. Plaintiff filed the reply without leave of court.

2. Thereafter, defense counsel asked Plaintiff's counsel to withdraw the motion as it was in violation of Local Rule 7.1(B)(3). *See* correspondence, attached hereto as Exhibit 1.

3. After receiving defense counsel's email, Plaintiff filed a motion to permit the filing of the reply *post hoc*. *See* d/e no. 31.

4. Defendants are aware that the Court has already allowed the motion. However, Defendants are entitled to file a response regarding the issue.

5. Under Local Rule 7.1(B)(3), "no reply to the response is permitted without leave of Court." *See* Local Rule 7.1(B)(3). "Though this rule does not preclude a party from seeking leave to file a reply, leave should not be so freely granted that it would render the general prohibition of replies ineffective." *Hanson Eng'rs Inc. v. UNECO, Inc.*, 64 F. Supp. 2d 797, 798 (C.D. Ill. 1999). Plaintiff does not provide a sufficient reason to permit leave to file the reply *post hoc*. First, Plaintiff did not seek leave to file it until *after* it was filed and defense counsel cited the rule. It seems to be an attempt to evade the rules of this Court and play it as a no-harm-no-foul effort.

6. Counsel would like to point out to the Court that Counsel for Defendants, Theresa Powell, discussed the request for the unredacted records with attorney Stephen Weil regarding the production of the records. In these discussions, counsel explained to Mr. Weil that the purpose of redacting the records was to protect the confidentiality of the nonparty inmates as well as to protect the County from suit related to the disclosure of this highly confidential information. As Counsel understood the discussion, Mr. Weil was told that we did not feel legally able to provide the records without a Court Order and asked him to file the pending motion to compel as the cases cited by Plaintiff did not suggest that records of non-parties should be turned over without showing some respect to Illinois law. Counsel conveyed to Mr. Weil that a Court Order appeared to be necessary to protect these third parties and the County. The cases cited in these motions establish that the production of non-party records often required an in-camera inspection as well as a protective order. In addition, the *Treadwell* case suggests that the failure to follow state mental health law, even a party may bring a civil action for violation of state law within a pending federal action. These cases simply serve as a basis for Defense Counsel's reluctance to turn over this information without a Court Order.

7. Moreover, Plaintiff points to the *Sowell* case and HIPAA for clarification. Plaintiff in her motion and Defendants in their response cited to the HIPAA rules. There is nothing new to be raised. Plaintiff simply wishes to argue further. Moreover, the *Sowell* case was originally cited by Plaintiff's counsel during email communication discussing this issue prior to filing the motion to compel. Plaintiff cannot now say that "Defendant's reliance on an erroneous interpretation of HIPAA in *Sowell v. Dominguez*, No. 2:09-CV-0047, 2013 WL 5913806 (N.D. Ind. Oct. 30, 2013)" when it is Plaintiff who originally relied on the case. Counsel fully discussed the case and their own interpretations prior to Plaintiff filing the motion to compel.

8. As to Plaintiff's argument that the reply assists the Court as it relates to the decisions in *Northwestern Memorial Hospital v. Ashcroft* and *Ligas v. Maram*, again, Plaintiff originally relied on these cases. It is nothing new. These are cases that Plaintiff's counsel originally relied upon during email communication. *See* email from Plaintiff's counsel dated October 5, 2018, citing *Northwestern* and *Ligas* as support for his position, which is attached hereto as Exhibit 2. To this point, Plaintiff wishes to make additional arguments that were meant for the motion to compel. It does not serve justice or the Court's time.

9. Additionally, Plaintiff was aware of the psychotherapist-patient privilege prior to filing the motion to compel. It is cited in almost all of the cases that counsel discussed and upon those Plaintiff's counsel relied during email-communication, including *Northwestern* and *Ligas*, both of which discussed the psychotherapist-patient privilege. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004); *Ligas v. Maram*, 2007 U.S. Dist. LEXIS 58911, *23 (N.D. Ill. Aug. 10, 2007).

10. We also notified Plaintiff's counsel that we would respond to his motion with our position. *See* d/e no. 29-2. The Federal Rules of Civil Procedure do not require that every position

or argument at issue must be clearly stated in a meet-and-confer. It has always been Defendants position that Plaintiff has not sought the mental health records of third parties, and if they did, Defendants would object to such a request on multiple grounds. *See* d/e no. 29-2, pg. 4.

11. It should not go unstated that Defense Counsel has not been able to obtain copies of Rusher's mental health records from McFarland with only a subpoena. DHS counsel is requiring an authorization compliant with the Illinois Mental Health and Development Disabilities Act before records will be produced. To the extent the Court finds that no privileges pertain to the records of non-parties, Counsel would request a written Order from the Court finding that any and all records relating to Ms. Rusher's which contain medical and/or mental health do not require compliance with state law confidentiality so that same may be used to obtain these documents from third parties. Without such an Order an inconsistence of law is being applied to the manner and method by which each side may obtain records.

WHEREFORE, Defendants ask for a brief hearing on Plaintiff's Motion to Compel so Defendants are afforded an opportunity to be heard as this may affect more than this specific issue moving forward.

                                             WES BARR and LARRY BECK,
                                                     Defendants

                                           s/ *Alisha L. Sheehan*
                                HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                                 Theresa M. Powell, IL ARDC #: 6230402
                                 Alisha L. Sheehan, IL ARDC #: 6320311

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
3731 Wabash Avenue
Springfield, IL 62711-6261
Phone: 217.522.8822
Fax:    217.523.3902
Email: tpowell@heylroyster.com
         asheehan@heylroyster.com

## **PROOF OF SERVICE**

The undersigned hereby certifies that on this **28th** day of **November, 2018** the foregoing **Response to Plaintiff's Motion to Permit Filing of A Reply** was served with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexis G. Chardon
Stephen H. Weil
WEIL & CHARDON LLC
333 South Wabash Avenue, Suite 2700, Chicago, IL 60604
Email: ali@weilchardon.com
Email: steve@weilchardon.com

-and-

Nicole Rae Schult
Alan Mills
Elizabeth Mazur
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan, Chicago, IL 60640
Email: nicole@uplcchicago.org
Email: alan@uplcchicago.org
Email: liz@uplcchicago.org

     *Attorneys for Plaintiff*

I also hereby certify that I have mailed by United States Postal Service the above-referenced document to the following non-CM/ECF participants:

None.

                                         /s/ Alisha L. Sheehan

35497611_1