IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KELLI ANDREWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-1100 |
| SANGAMON COUNTY, ILLINOIS, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kelli Andrews's Motion to Compel Discovery from Sheriff of Sangamon County (d/e 26) (Motion). For the reasons set forth below, the Motion is ALLOWED.

BACKGROUND

Andrews is the mother and administrator of the estate of Tiffany Rusher, deceased. Rusher was mentally ill and killed herself while a pretrial detainee in custody in the Sangamon County, Illinois, Jail. Andrews brings this action under the Civil Rights Act of 1866, 42 U.S.C. § 1983; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; the Rehabilitation Act, 29 U.S.C. § 794; and state law. See Complaint (d/e 1).

Andrews served a request for production of documents on the Defendant Sangamon County Sheriff's Office. The Sheriff's Office produced redacted copies of certain responsive documents. The redactions removed identifying information about other inmates. The Court had already entered a protective order qualified under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936. Agreed Protective Order (d/e 22). The Defendant Sheriff's Office redacted the names because it asserted that the identifying information was protected by the Illinois Mental Health and Disabilities Act, 740 ILCS 110/1 et seq.; Illinois state law evidentiary privileges; and the possibility of the psychotherapist-patient privilege. The Sheriff's Office also alleged that the names were not relevant. See Defendants' Response to Plaintiff's Motion to Compel (d/e 29) (Defendants' Response), at 2-14.

The Court directed the Sheriff's Office to provide unredacted versions of the documents to the Court for in camera inspection to determine whether the psychotherapist-patient privilege was implicated in any of the documents. Text Order entered November 27, 2018. The Sheriff's Office complied and provided the unredacted copies. Notice of Compliance with Court Order Dated November 27, 2018 (d/e 35). The Court has reviewed the documents and determined that none of the documents contain

confidential communications between patient and psychotherapist subject to the privilege.  See Jaffee v. Redmond, 518 U.S. 1, 9-10, 16 (1996).  This privilege is not at issue in this case.

ANALYSIS

The Court determines that the Sheriff's Office shall provide the unredacted documents to Andrews.  Andrews brings federal claims in this case. Federal law and federal privileges, therefore, control.  Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004).  Under federal law, the names of the other inmates can be provided to Andrews because a HIPAA qualified protective order is in place.  45 C.F.R. § 164.512.  The Sheriff's Office's arguments to the contrary are not persuasive.  The protective order provides adequate protection of this information.

The names of other inmates are also relevant under principles of discovery.  Andrews alleges municipal liability claims against Sangamon County, Illinois, pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).  See Complaint Count I (official capacity claim against Defendant Sheriff of Sangamon County).  Those claims put at issue whether Sangamon County has a policy or binding practice or custom to treat mentally ill pretrial detainees in violation of their

rights.  See Monell, 436 U.S. at 690.  The names of other inmates may lead to admissible information on this issue.  Disclosure of their identities on these documents is proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).

Finally, a party may not sua sponte redact non-privileged information from a responsive document. See e.g., Stewart v. Credit One Bank, N.A., 2017 WL 3453569, at *3 (D. Kan. August 11, 2017); Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group, 2016 WL 6246384, at *2 (C.D. Cal. February 23, 2016); Bonnell v. Carnival Corp., 2014 WL 10979823, at *4 (S.D. Fla. January 31, 2014); Melchior v. Hilite International, Inc., 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013); Medtronic Sofamor Danek, Inc., v. Michelson, 2002 WL 3303691, at *5 (W.D. Tenn. January 30, 2002). The Sheriff's Office needed to file a motion for protective order.  It should not have redacted the documents.  The Court therefore orders the Sheriff's Office to produce the unredacted copies of the documents.

Rule 37(a)(5)(A) requires this Court to award to a prevailing plaintiff her fees and expenses except in a limited set of cases, including circumstances that make an award unjust.  Fed. R. Civ. P. 37(a)(4)(A)(iii).  The Court finds that an award in this case would be unjust.  The Illinois Mental Health and Disabilities Act put the Sheriff's Office in a very difficult

position. It faced a risk of liability under state law if it released the names of other mentally ill detainees without a court order. The discussions between the attorneys clearly indicate that this liability was the major concern that caused the Sheriff's Office to withhold the names. See generally, Defendants' Response to Plaintiff's Motion to Compel (d/e 29), Exhibit 4, Emails Between Counsel. This Court has now resolved that federal law controls and has ordered the Sheriff's Office to produce the documents. Under these difficult circumstances, the Court will not require the Defendants or their attorneys to pay Andrew's fees and expenses.

THEREFORE, IT IS ORDERED that Plaintiff Kelli Andrews's Motion to Compel Discovery from Sheriff of Sangamon County (d/e 26) is ALLOWED. Defendant Sangamon County, Illinois, Sheriff's Office is hereby ordered to produce to Plaintiff by December 21, 2018, the unredacted copies of the documents previously produced in redacted form. The produced unredacted documents are Confidential Information subject to the Agreed Protective Order entered August 31, 2018 (d/e 22).

ENTER: December 11, 2018

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE