March 24, 2019

Dear Ms. Chardon,

  I am a board-certified family medicine doctor treating patients in Chicago, Illinois. For the past eight years, I have worked at a private family medicine practice operated by a nationally-recognized hospital and health care system. I treat patients of all ages. In my practice, I frequently see patients who present to me with acute symptoms of mental illness requiring emergent evaluation by a specialist in psychiatry.

  At your request, I have reviewed medical and administrative records of Ms. Tiffany Rusher, including: records of mental health treatment from Illinois Department of Human Services/McFarland Mental Health Center and a discharge summary from that institution, medical records from Sangamon County Jail which were produced by Advanced Correctional Healthcare, and records from the Logan County clerk pertaining to Ms. Rusher's civil commitment proceeding. I have also reviewed the First Amended Complaint in the lawsuit brought by Ms. Rusher's estate against Sangamon County Jail, Dr. Arun Abraham, and others (*Andrews v. Sangamon County et al*., No. 18-cv-1100). After reviewing of the records and the factual allegations in the complaint, I conclude that there is reasonable and meritorious cause to file the lawsuit's wrongful death and survival act claims against Dr. Arun Abraham.

  Based on the allegations in the Complaint and the records that I have reviewed, I conclude that Dr. Arun Abraham fell below the standard of reasonable medical care because he did not escalate Ms. Rusher's case to a psychiatric specialist or inpatient psychiatric hospital. The medical records reflect that when Ms. Rusher arrived at Sangamon County Jail in December 2016, she had an extensive history of self-harming behaviors and suicide attempts, and that she continued to engage in self-harm attempts throughout her incarceration at Sangamon County Jail. The records do not, however, reflect any referral for inpatient mental health treatment or

emergent psychiatric evaluation. It is my opinion that the standard of care required a physician presented with Ms. Rusher's case to recognize that she was suffering from symptoms of acute mental illness which created a serious danger to herself, and that there was an emergent need to escalate her case for review by a psychiatric specialist, which would include evaluation for appropriate intensive mental health therapy. The failure to do so fell below the standard of care and caused risk and harm to Ms. Rusher, including contributing to the suicide attempt that caused her death.

Signed,