E-FILED
Sunday, 19 September, 2021 10:17:42 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KELLI ANDREWS, | ) | |
| Plaintiff, | ) | Case No. 18 C 1100 |
| v. | ) | Hon. Sue Myerscough, J. |
| COUNTY OF SANGAMON, *et al.*, | ) | Hon. Tom Schanzle-Haskins, M.J. |
| Defendants. | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff, through her undersigned counsel, hereby moves the Court for an order directing defendants Advanced Correctional Healthcare, Inc. ("ACH") and Arun Abraham (collectively the ACH Defendants) to:

- Respond to Plaintiff's punitive damages discovery, which is described herein, by September 27, 2021, and
- Respond to any additional punitive damages discovery within 7 days of service.

Pursuant to Local Rules 7.1(A)(2) and 37.3(B) **Plaintiff requests oral argument on her motion**. Plaintiff respectfully submits that oral argument is appropriate because Plaintiff seeks relief of an emergent nature and her request for relief can be argued and ruled upon orally without the need for extensive briefing, thereby expediting relief. Pursuant to Local Rule 37.3(A), Plaintiff certifies that she attempted to confer with defendants on multiple occasions but was unable to resolve this discovery dispute before bringing it before the Court.

**BACKGROUND**

During the fact discovery period in this case, Plaintiff served discovery relating to punitive damages on the defendants. This included the following discovery to the ACH Defendants, which is at issue in this motion:

    a.    Rule 33 Interrogatory No. 4 to Dr. Arun Abraham:  "For punitive damage purposes, please state your net financial worth as of the time of answering these Interrogatories and for the previous five years. Additionally, please describe how that net worth has been calculated, including your total annual net and gross profits."  **Ex. 1**.

    b.    Rule 33 Interrogatory No. 4 to Advanced Correctional Healthcare:  "For punitive damage purposes, please state your net financial worth as of the time of answering these Interrogatories and for the previous five years. Additionally, please describe how that net worth has been calculated, including your total annual net and gross profits."  **Ex. 2**.

    c.    Rule 34 Request for Production No. 10 to Advanced Correctional Healthcare:  "Financial statements sufficient to show the total net worth of Advanced Correctional Healthcare and profits and losses for the past five years and the basis for your calculations in response to Plaintiff's Interrogatory No. 4."  **Ex. 3**.

    d.    Rule 34 Request for Production No. 11 & 12.  Tax returns and financial statements for Dr. Abraham for the previous 5 years.  **Ex. 3**.

The defendants objected to all of these requests as premature. *See id.*  The parties met and conferred regarding these objections, and reached the following agreement: Plaintiffs would not press for this discovery prior to any ruling on dispositive motions, and in exchange the defendants agreed to respond to the punitive damages discovery 30 days after any ruling on dispositive motions which failed to dispose of plaintiff's claims in their entirety.

The parties memorialized this agreement in ECF 62, where they included it in the proposed schedule they submitted to the Court.  *See* ECF 62 ¶ 6 ("Defendants will have 30 days after rulings on motions for summary judgment to answer punitive damages discovery.").

All defendants moved for summary judgment in this case.  On July 1, 2021, the Court denied all the defendants' motions for summary judgment.  ECF 244.  Under the parties' agreement, the defendants' responses to Plaintiff's punitive damages discovery were due on July 31, 2021.

On July 3, Plaintiff's counsel emailed defense counsel reminding them of their obligation.  *See* **Ex. 4**.  In addition, because trial at that time was set for early August, Plaintiff's

counsel sought expedited discovery responses so that they could be had sufficiently in advance of trial. On July 3, defense counsel, including counsel for the ACH Defendants, declined to make expedited responses, but told Plaintiff they would abide by the 30-day deadline they had agreed to. *See* Ex. 4.

July 31 came and went, however, and the defendants failed to provide punitive damages responses. On August 12, Plaintiffs wrote counsel for the defendants again, noted that the 30-day deadline had passed, and asked when defendants would respond to the punitive damages discovery. *See* Ex. 4.

Counsel for the County defendants responded the same day, and ultimately reached an agreement with Plaintiff's counsel that her clients would provide responses by September 2. (The County defendants' responses are not a subject of this motion.)

Counsel for the ACH Defendants did not respond, however, so on August 17 Plaintiff's counsel contacted them again, and again requested a response. *See* Ex. 4. On August 19, counsel for the ACH Defendants stated they were "working with" ACH and were "still waiting on their response as far as a timeline to produce their response," *see* Ex. 4—suggesting that the ACH Defendants had not even begun preparing a response to the punitive damages discovery nearly seven weeks after the summary judgment decision.

On August 21, Plaintiff's counsel asked counsel for ACH whether ACH could provide punitive damages responses by September 15. *See* Ex. 4. The ACH Defendants gave non-committal responses (*see* Ex. 4 Aug. 23 and 26), so on August 28 Plaintiff's counsel advised ACH counsel that they could not commit to a September 15 production date, Plaintiff would raise the ACH Defendants' failure with the Court at the Court's September 2 status conference. *See* Ex. 4. In response, on September 1 ACH agreed both to provide written responses and to

produce documents responsive to the punitive damages discovery. Ex. 4. In light of that commitment, Plaintiff's counsel agreed not to raise ACH's noncompliance with the Court. *Id.*

September 15 came and went, however, and Plaintiff received no responses from ACH. On September 16, Plaintiff's counsel emailed to inquire about the status of the discovery responses. *See* Ex. 4. Counsel for ACH responded that counsel was "waiting on a response from [ACH] for how long it will take to get me sufficient documents to respond" to the punitive damages discovery requests. *Id*.

Plaintiff's counsel responded the same day explaining, as counsel had several times before, that Plaintiff was experiencing mounting prejudice because of the delay, since the window of time before trial was shrinking to conduct discovery enforcement or follow-up discovery in the event the defendants' discovery responses were insufficient or non-responsive. Ex. 4. Plaintiff's counsel informed ACH that if it did not provide punitive damages discovery responses by COB Friday, September 17, Plaintiff would be forced to bring a motion with the Court. *Id*.

As of this writing, ACH has not responded to Plaintiff's request, and has still not responded to Plaintiff's punitive damages discovery, and has not responded in any way to Plaintiff's September 16 ultimatum. This motion follows.

**ARGUMENT**

Plaintiff intends to ask a jury to award punitive damages against defendants in this case, including the ACH Defendants. A defendant's financial condition—*i.e.*, their wealth—is relevant for the assessment of punitive damages. *See* Seventh Circuit Pattern Civil Jury Instructions § 7.28 (2017 rev.); *Donald v. Wexford Health Sources, Inc.*, 266 F. Supp. 3d 1097, 1102 (C.D. Ill. 2017) (holding that "'[e]vidence of a tortfeasor's wealth is traditionally

admissible as a measure of the amount of punitive damages that should be awarded'" (quoting *Newport v. Fact Concerts*, 453 U.S. 247, 270 (1981)). Plaintiff served discovery aimed to gather information regarding the defendants' wealth, yet when the defendants requested to postpone their responses until after entitlement to punitive damages was established—*i.e.*, after the Court had denied summary judgment—Plaintiff accommodated the defendants' request for the delay.

The ACH defendants have abused that accommodation, in two important ways. First they have simply failed to respond on time, without ever seeking extensions in advance, even after they were reminded of their obligations multiple times by Plaintiff's counsel. Second, and perhaps more importantly, ACH has frustrated any enforcement of their discovery obligations by repeatedly assuring Plaintiff's counsel that they were aware of their obligations and that responses would be forthcoming—only to reveal later that they had not even begun to gather information, or were in the nascent stages of doing so, or had no actual idea when sufficient information would be gathered to respond to the requests. Plaintiff's counsel has relied on these assurances and has refrained from bringing the matter to the Court's attention, only to be rewarded lapsed deadlines and more delay.

The prejudice caused by this misconduct mounts by the day. At this point Plaintiff has no idea when the ACH Defendants will provide responses to Plaintiff's punitive damage discovery. Neither, apparently, does ACH's counsel, even though 80 days have now passed since the Court's summary judgment motion, making ACH's responses nearly two months overdue—on discovery requests that were served more than two years ago. Meanwhile, trial is set to start in February, with numerous pretrial evidentiary and motions-practice deadlines coming in the months and weeks before then. If the ACH Defendants' responses to the punitive damages discovery are insufficient, incomplete, or nonresponsive, Plaintiff has an ever-shrinking

window in which to conduct enforcement or follow-up discovery. The ongoing delay endangers Plaintiff's ability to put on a punitive damages case, all because the ACH Defendants have abused the accommodation that they requested, and Plaintiff gave, during the fact discovery period.

Plaintiff therefore is forced to bring this matter before the Court. Plaintiff does not yet seek sanctions, because the prejudice caused by the ACH Defendants' failure has yet to be determined. Rather, Plaintiff asks that the Court to remedy the prejudice to the extent possible. Plaintiff respectfully submits this can best be done with two directives:

***First***, order the ACH defendants to provide full responses (and any associated production) to the punitive damages discovery within one week, by September 27, 2021, and respond promptly (usually within a day) to any discovery enforcement correspondence.

***Second***, order the ACH defendants to provide expedited responses to any follow-up discovery requested by Plaintiff regarding punitive damages, within seven days (rather than the default 30-day deadlines provided by the federal rules).

Plaintiff respectfully submits that these remedies are most likely to mitigate the prejudice caused by the ACH defendants' improper delays in responding to punitive damages discovery.

[SIGNATURES ON FOLLOWING PAGE]

Dated: September 19, 2021

Respectfully submitted,

/s/ Stephen H. Weil

Stephen H. Weil
Arthur Loevy
Sarah Grady
Loevy & Loevy
311 N. Aberdeen Street
Third Floor
Chicago, IL 60607
312-243-5900
weil@loevy.com

*Attorneys for Plaintiff*

Alan Mills - alan@uplcchicago.org
Nicole Schult - nicole@uplcchicago.org
Bridget Geraghty - bridget@uplcchicago.org
Uptown People's Law Center
4413 North Sheridan Rd.
Chicago, Illinois 60640
Tel: (773) 769-1411
Fax: (773) 769-2224

**CERTIFICATE OF SERVICE**

I, Steven H. Weil, an attorney, certified that on September 19, 2021 I served a copy of this pleading on all counsel of record by filing the same through the CM/ECF system.

/s/ Stephen H. Weil