IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KELLI ANDREWS, as Administrator of the )
Estate of Tiffany Ann Rusher, deceased, )
)
    Plaintiff, )
)
v. )    Case No. 18-cv-1100
)
SANGAMON COUNTY, ILLINOIS, WES BARR, )
LARRY BECK JR., ADVANCED CORRECTIONAL )
HEALTHCARE, INC. ARUN ABRAHAM, MICHAEL )
SHMIKLER, KYLE MEYER, Z. WHITLEY, JENNFER )
EALEY, GUY BOUVET III, AND DOES 1-5, )
)
    Defendants. )

## ADVANCED CORRECTIONAL HEALTHCARE'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES Defendant Advanced Correctional Healthcare, Inc. by its attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and for its Answers to Plaintiff's Interrogatories states as follows:

1. State the name, address and phone number of every person who participated in answering these Interrogatories.

**ANSWER:**    Alex Kinzinger, Esq.
Associate General Counsel
Advanced Correctional Healthcare, Inc.
309.272.3448

Undersigned Counsel for ACH

2. Identify by name and address all persons who have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all persons who are not listed in Defendant's Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating documents, please list under oath the identifies of any and all additional persons not listed in these documents, or, if there are no such additional persons with knowledge responsive to the Interrogatory, please so state under oath.

**ANSWER:** Dr. Arun V. Abraham
401 Clipper Rd. Springfield, IL 62711

Michael C. Shmikler
3906 Pebblebrook Lane Champaign, IL 61822

Tracy Hammitt
37 Downing Drive, Chatham, IL 62629

Kate Daniels
33 Inverness Road, Springfield, IL 62704

Mary Dambacher, NP
#7 Corn Silk, Divernon, IL 62530

Billy Ernst
1 Charlwood, Springfield, IL 62711

Brittany Bandy
3420 S College St. Springfield, IL 62703

All Sangamon County Jail employees and staff as identified by co-defendants.

3. For each person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the person may be competent to testify at trial. If this Interrogatory is answered by incorporating documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**ANSWER:** Each individual identified in interrogatory #2 has knowledge of the patient, Tiffany Rusher, to the extent that they were involved in her medical care and treatment.

4. For punitive damage purposes, please state your net financial worth as of the time of answering these Interrogatories and for the previous five years. Additionally, please describe how that net worth has been calculated, including your total annual net and gross profits.

**ANSWER:** Defendant ACH objects to this interrogatory, as it calls for information which is neither relevant nor reasonably calculated to lead to relevant evidence and is not proportional to the needs of this case, as this request is premature. Leave to seek punitive damages has not been granted.

5.  For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

**ANSWER:** Defendant ACH objects to the form of the question, as it calls for undue detail and a narrative response more appropriate for deposition. Without waiving said objection, Defendant ACH asserts that its affirmative defenses will be supported by the documents produced in discovery and the testimony of all defendants and Rule 26 witnesses.

6.  For any document responsive to Plaintiff's Subpoena to Advanced Correctional Healthcare in this matter and any document responsive to Plaintiff's First Request for the Production of Documents to Advanced Correctional Healthcare which has been destroyed or is no longer in Your possession, please describe with detail when and how it became destroyed or lost from Your possession.

**ANSWER:** Not applicable.

7.  Identify each ACH employee/agent who provided direct care to Tiffany Rusher at Sangamon County (sic) Jail and specify the time, date, place and nature of each instance of care that was provided.

**ANSWER:** Please see Answer to Interrogatory #2, as well as previously produced medical records, any and all documents produced in discovery, and the Prisoner Location Verification produced contemporaneously with these Answers to Interrogatories. Defendant ACH objects to any further answer as it calls for undue detail and a narrative response more appropriate for deposition.

8.  Were any ACH employees/agents other than those who provided direct care at the Sangamon County Jail ever personally consulted about Tiffany Rusher during the period 12/1/2016y and 3/20/2017? If so, please identify each and every person who was consulted, state the approximate date of the communication, described the contents of the communication, and state whether any record exists of the communication and, if so, in what form.

**ANSWER:** No.

9.  Identify all ACH employees/agents (other than those who were personally assigned to work at the Grant County Jail in Kentucky) who were made aware of the communications from the U.S. Department of Justice (DOJ) regarding medical and mental health treatment at the Grant

3

County jail in Kentucky. For each responsive employee/agent, describe the extent of their knowledge/awareness of the DOJ communications.

**ANSWER:** Defendant ACH objects to this interrogatory, as it calls for information which is neither relevant nor reasonably calculated to lead to relevant evidence and is not proportional to the needs of this case.

10. Identify all ACH employees/agents who participated in responding to communications from the U.S. Department of Justice (DOJ) regarding medical and mental health treatment at the Grant County Jail in Kentucky. For each responsive employee/agent, describe their role in responding to DOJ communications.

**ANSWER:** Defendant ACH objects to this interrogatory, as it calls for information which is neither relevant nor reasonably calculated to lead to relevant evidence and is not proportional to the needs of this case.

11. Identify the name and title of, and licenses held by, every "qualified mental health professional" who provided "mental health services" to detainees at the Sangamon Jail during Tiffany's detention at the Sangamon Jail. For purposes of this Interrogatory, "mental health services" has the meaning given to that term in Mental Health Care Program § Ill ("Policy") and "qualified mental health professional" has the meaning given to that term in Mental Health Care Program § Ill.A ("Provision of Services").

**ANSWER:** Michael Shmikler, Licensed Clinical Social Worker (LCSW)

12. Identify each instance in which services were provided to Tiffany through or pursuant to the "counseling programs" described in Mental Health Care Program § IV.C ("Counseling"). For each such instance, describe:

    a. Pursuant to which, if any, of the four sub-sections (i.e., Mental Health Care Programs § IV.C(1)-(4)) the service was provided;

    b. The date and time upon which the service was provided;

    c. The specific location within the jail where the service was provided;

    d. The person or persons involved in providing the service; and

    e. The duration of the service (e.g., how long did the "individual inmate session" last, see §IV.C.(1)).

**ANSWER:**   a. Sub-section C(1) – Individual inmate sessions.

      b.      Please see medical records and Prisoner Location Verification forms. Defendant ACH objects based on the unreasonable amount of time and expense a further answer would require.

      c.      Services were provided within the high-risk cells and booking area.

      d.      Defendants Arun Abraham, M.D. and Michael Shmikler.

      e.      Investigation continues.

13. Identify any and all efforts made to determine whether Tiffany should receive a Mental Health Transfer (as that term is defined by Mental Health Care Program §IV.E), including any person involved in each such effort, the date each such effort was made, and any documents reflecting or recording each such effort.

**ANSWER:** Each and every assessment made for any inmate patient considers whether a mental health transfer is necessary or appropriate.

           Advanced Correctional Healthcare, Inc., Michael Shmikler,
           and Arun Abraham, M.D., Defendants

           By:      *s/Betsy A. Wirth*
                        Betsy A. Wirth
                        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Matthew J. Maddox (Illinois Bar No. 6185870)
Betsy A. Wirth (Illinois Bar No. 6298163)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
400 South Ninth Street, Suite 102
Springfield, IL 62701
Telephone:  (217) 753-1133
Facsimile:  (217) 753-1180
E-mail:  mmaddox@quinnjohnston.com
E-mail:  bwirth@quinnjohnston.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2019, I sent, via electronic mail, a copy of Advanced Correctional Healthcare's Answers to Plaintiff's Interrogatories to:

Stephen H. Weil
Alexis G. Chardon
Weil & Chardon LLC
333 S. Wabash Ave., Suite 2700
Chicago, IL 60604
steve@weilchardon.com
ali@weilchardon.com

Alan Mills
Elizabeth Mazur
Nichole Schult
Uptown People's Law Center
4413 North Sheridon Road
Chicago, IL 60640
alan@uplcchicago.org
liz@uplcchicago.org
Nicole@uplcchicago.org

Teresa M. Powell
Alisha Lynne Sheehan
Brett Eric Siegel
Heyl Royster Voelker & Allen
3731 Wabash Avenue
PO Box 9678
Springfield, IL 62971
tpowell@heylroyster.com
asheehan@heylroyster.com
bsiegel@heylroyster.com

                                  *s/Betsy A. Wirth*
                                  Matthew J. Maddox (Illinois Bar No. 6185870)
                                  Betsy A. Wirth (Illinois Bar No. 6298163)
                                  QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                                  400 South Ninth Street, Suite 102
                                  Springfield, IL 62701
                                  Telephone:   (217) 753-1133
                                  Facsimile:    (217) 753-1180
                                  E-mail:        mmaddox@quinnjohnston.com
                                  E-mail:        bwirth@quinnjohnston.com