IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLI ANDREWS, as Administrator of the Estate of Tiffany Ann Rusher, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SANGAMON COUNTY, ILLINOIS, WES BARR,  LARRY BECK JR., ADVANCED CORRECTIONAL HEALTHCARE, INC. ARUN ABRAHAM, MICHAEL SHMIKLER, KYLE MEYER, Z. WHITLEY, JENNFER EALEY, and GUY BOUVET III<br><br>Defendants. | Case No. 18-cv-1100 |

## ACH DEFENDANTS' AMENDED 29th MOTION IN LIMINE PUNITIVE DAMAGES DISCOVERY

NOW COME Defendants Arun Abraham, M.D., Advanced Correctional Healthcare, Inc. and Michael Shmikler, by their attorneys, QUINN JOHNSTON, and for their 29th Motion in Limine regarding punitive damages discovery, state as follows:

**Amended 29th Motion in Limine – Punitive Damages Discovery**

Defendants anticipate that Plaintiff may seek to introduce evidence regarding Defendants' wealth for her punitive damages claims. ACH is a corporation. Corporations are not wealthy in the sense that persons are. *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499 at 508–09 (7th Cir. 1992). Corporate assets finance ongoing operations and are unrelated to either the injury done to the victim or the size of the award needed to

cause corporate managers to obey the law. *Id.* In *Zazu*, the court gives this illustration: "General Motors is much larger than Chrysler, and so makes more defective cars, but the goals of compensation and deterrence are achieved for both firms by awarding as damages the injury produced per defective car." *Id.* at 509. The defendant's net worth is irrelevant to the size of the award of punitive damages when the defendant is a corporation or other institution rather than an individual. *Id.*

Most tort defendants against whom punitive damages are sought are enterprises rather than individuals, increasing the likelihood that plaintiffs will put before the jury evidence that the defendant has a deep pocket and therefore should be made to pay a large judgment. *Kemezy v. Peters*, 79 F.3d 33 at 36 (7th Cir. 1996). As such, the Court can bar evidence of a corporation's net worth. *Id.* Punitive damages must bear a reasonable relationship to the award of compensatory damages, generally not exceeding a one-to-one ratio. *BMW of North America v. Gore*, 517 U.S. 559 at 580-1 (1996). Courts have found that even where a defendant's financial information is discoverable, it may not be admissible where a plaintiff intends to make a "deep pockets," or, "evil corporation," argument to the jury. *Donald v. Wexford Health Sources, Inc.*, 266 F. Supp. 3d 1097 at 1102 (C.D. Ill. 2017).

Courts have also found that where a Defendant's financial information is relevant it can only be considered if the plaintiff first succeeds in making a showing that he has a colorable claim for punitive damages in their case. *El-Bakly v. Autozone, Inc.*, 2008 WL 1774962, at *5 (N.D. Ill. Apr. 16, 2008). This is because it would be prejudicial to Defendants and confusing to the jury to allow this evidence to be presented prior to

making such a showing. *Id.* Should the Court decide to allow evidence of ACH's wealth, Defendants ask that the Court require that Plaintiff first make a showing that she is entitled to punitive damages.

Should the Court decide to allow evidence of ACH's wealth, Defendants ask that the Court bar evidence of the wealth of the owners and employees of ACH. The wealth or income of a corporation's shareholders is not relevant. *GSI Grp., Inc. v. Sukup Mfg., Co.*, 641 F. Supp. 2d 732 at 735 (C.D. Ill. 2008). The individual shareholders are not named in this suit and their compensation is not relevant. In the *Fieldturf* case, Plaintiffs' First Set of Document Requests sought, among other items, documents that refer or relate to the identity of the persons serving on the board of directors and their compensation. *Fieldturf Int'l, Inc., Fieldturf, Inc. v. Triexe Mangement Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004). Defendants objected to the requests as overbroad and unduly burdensome. *Id.* at *2. Defendants' objection to the broad scope of the plaintiffs' request for financial information was well-taken. *Id.* at *3. Defendants were ordered to produce a much more limited list of documents that did not include the board of directors or their compensation. *Id.* The information disclosed in this matter does not show excessive salary paid to the owners, nor would such evidence be relevant.

Plaintiff's proposed jury instruction on punitive damages tracks 7th Circuit Pattern Instruction 7.24. Of the six factors the jury is told to consider in determining the amount of punitive damages, if any, to award, only one relates to the Defendant's wealth or financial information and simply states that the jury can consider "the defendants' financial condition." Plaintiff's Exhibit list includes ACH's Net Worth Balance Sheet

3

(initially marked as Pls. Ex. 173) and ACH's tax returns (Pls. Ex. 174-178) and ACH's income statements (Pls. Ex. 179-188), ACH's depreciation statements (Pls 189-196). The defendant at issue is ACH, and these exhibits (if any) are more than sufficient to describe ACH's "financial condition." Information regarding the salary or income paid to any individual employee or owner of ACH is irrelevant and unduly prejudicial and should be excluded. See, Fed. R. Civ. P. 401, 403 and *Donald v. Wexford Health Sources, Inc.*, supra.

WHEREFORE, Defendants, Arun Abraham, M.D., Advanced Correctional Healthcare, Inc. and Michael Shmikler, respect the Court to enter an order barring Plaintiff from introducing any financial information into evidence, or, in the alternative, prohibiting the introduction of such evidence until a sufficient showing of culpability is made or, in the alternative, barring or limiting such testimony as described in this motion.

                Arun Abraham, M.D., Advanced Correctional
                Healthcare, Inc. and Michael Shmikler,
                Defendants

By:    *s/ Betsy A. Wirth*
        Betsy A. Wirth
        QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
Betsy A. Wirth (Illinois Bar No. 6298163)
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL   61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)
E-mail:       pjennetten@quinnjohnston.com
E-mail:       bwirth@quinnjohnston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, I electronically filed the foregoing **ACH DEFENDANTS' AMENDED 29TH MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Stephen H. Weil<br>Jon Loevy<br>Arthur Loevy<br>Sarah Grady<br>Loevy & Loevy<br>311 N. Aberdeen Street<br>Third Floor<br>Chicago, IL 60607<br>weil@loevy.com<br>jon@loevy.com<br>arthur@loevy.com<br>sarah@loevy.com | Alan Mills<br>Nicole Schult<br>Bridget Geraghty<br>Uptown People's Law Center<br>4413 North Sheridan Road<br>Chicago, IL 60640<br>alan@uplcchicago.org<br>Nicole@uplcchicago.org<br>Bridget&uplcchicago.org |
| Teresa M. Powell<br>Brett Eric Siegel<br>Heyl Royster Voelker & Allen<br>3731 Wabash Avenue<br>PO Box 9678<br>Springfield, IL 62971<br>tpowell@heylroyster.com<br>secf@heylroyster.com<br>cskaggs@heylroyster.com | Isabella Aguilar<br>Loevy & Loevy<br>311 N. Aberdeen St., 3rd Fl.<br>Chicago, IL 60607<br>Phone: (312)243-5900<br>Fax: (312)243-5902<br>aguilar@loevy.com |

*s/ Betsy A. Wirth*
Peter R. Jennetten (Illinois Bar No. 6237377)
Betsy A. Wirth (Illinois Bar No. 6298163)
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL   61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)
E-mail:   pjennetten@quinnjohnston.com
E-mail:   bwirth@quinnjohnston.com